**OKLAHOMA DISABILITY LAW CENTER, INC., Plaintiff,**

v.

**DILLON FAMILY AND YOUTH SERVICES, INC. d/b/a Shadow Mountain Institute, Defendant.**

No. 94–C–532–K.

United States District Court, N.D. Oklahoma.

March 9, 1995.

Chris Gentges, Tery DeShong, Steven A. Novick, Dawn Amundsen, Oklahoma City, OK, for plaintiff.

Phil R. Richards, Richard Warzynski, Nancy J. Siegel, Richards Paul Richards & Siegel, Tulsa, OK, for defendant.

### ORDER

KERN, District Judge.

Now before this Court are motions for summary judgment filed by Defendant Dillon Family and Youth Services, Inc., d/b/a Shadow Mountain Institute ("SMI") and by Plaintiff Oklahoma Disability Law Center, Inc. ("ODLC"). Both parties agree that there are no material facts as to which genuine issues of fact exist and that the only issues remaining in this matter are ones of law which are appropriate for summary judgment.

The ODLC is the protection and advocacy system for the state of Oklahoma designated by the Governor of the State of Oklahoma to carry out activities under the Protection and Advocacy for Mentally Ill Individuals Act of 1986 (PAMII), 42 U.S.C. § 10801 et seq. ODLC was contacted on behalf of Michael C. and Mandy S., former patients of SMI, a private for-profit psychiatric institution located in Tulsa, Oklahoma, concerning allegations of abuse and neglect suffered while confined at SMI.

Michael C. and Mandy S. were in inpatient treatment at SMI from May 25, 1993 to

approximately December 1, 1993. On or about January 20, 1994, the ODLC requested, in writing, any and all documents pertaining to the two patients. The request was accompanied by a consent form signed by their mother, Anita Brumley. SMI refused to provide all documents pertaining to Michael C. and Mandy S. to ODLC without a court order. ODLC filed a complaint in the United States District Court requesting declaratory and injunctive relief.

The ODLC, an advocacy system established by the Governor of Oklahoma, seeks to gain access to their clients' psychiatric records from Defendant pursuant to the PAMII. The clear language of 42 U.S.C. § 10805(a)(4) provides that a system established in a state under § 10803 "shall have access to all records of any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal guardian, has authorized the system to have such access." This authority is consistent with the investigatory role the Act envisions for the ODLC. The purpose of the Act is clear:

> 1) to ensure that the rights of individuals with mental illness are protected; and 2) to assist States to establish and operate a protection and advocacy system for individuals with mental illness which will A) protect and advocate the rights of such individuals....; and B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred.

42 U.S.C. § 10801.

Citing state law embodied in 76 O.S. § 19, SMI refuses to provide ODLC with all the records to which it is entitled under the PAMII without a court order. The Oklahoma statute states:

> Any person who is or has been a patient of a doctor, hospital or other medical institution shall be entitled to obtain access to the information contained in all his medical records upon request.... In the case of psychiatric records, the patient shall not be entitled to copies unless access to said records is ordered by a court of competent jurisdiction upon a finding that it is in the best interest of the patient.

76 O.S. § 19(A). Thus, SMI argues that the ODLC must get a court order from a state judge before gaining access to the records ODLC seeks.

The conflict between these two statutes implicates the Supremacy Clause of the Constitution. According to the Supreme Court, there are three circumstances in which a federal law preempts a state statute. First, Congress can adopt express language setting forth preemption. Second, state law is preempted where Congress creates a scheme of federal regulation so pervasive as to leave no room for supplementary state regulation. Third, "state law is pre-empted to the extent that it actually conflicts with federal law." *Gade v. National Solid Wastes Mngnt. Ass'n*, 505 U.S. 88, ——, 112 S.Ct. 2374, 2389, 120 L.Ed.2d 73 (1992), citing, *English v. General Elec. Co.*, 496 U.S. 72, 78–79, 110 S.Ct. 2270, 2274–2275, 110 L.Ed.2d 65 (1992). This third form of preemption has been raised by the instant litigation.

The PAMII directs systems such as the ODLC to have ready access to an institution's psychiatric records so as to serve effectively as an advocate for those individuals with mental illnesses. Defendant's interpretation of 76 O.S. § 19 thwarts the purposes of the PAMII and serves as an obstacle to the accomplishment and execution of the purposes of PAMII. The Supreme Court has held:

> If Congress has not entirely displaced state regulation over the matter in question, state law is still preempted to the extent it actually conflicts with federal law, that is when it is impossible to comply with both state and federal law, *or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress.*

*Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984) (citations omitted) (emphasis added). *Blue Circle Cement, Inc. v. Board of County Commissioners of the County of Rogers*, 27 F.3d 1499, 1504 (10th Cir.1994).

■ Given the meaning of the word "access" as used in 42 U.S.C. § 10805, recourse to 76 O.S. § 19 in this instance would act as an obstacle to the fulfillment of the Congressional objectives of the PAMII and is preempted to the extent it impairs the ODLC's ability to obtain the records it seeks without a court order. As one district court has written, "Access to patient records is necessary for [protection and advocacy systems] to serve its clients, evaluate its clients' concerns, and determine whether a client has a legal claim." *Robbins v. Budke,* 739 F.Supp. 1479, 1488 (D.N.M.1990). The timely access guaranteed by the Act should not be stripped of all meaning by requiring advocacy hearings to survive an application for a court order. It should also be noted that the Oklahoma statute applies to the *ability of the patient* to access psychiatric records. The PAMII, on the other hand, deals with *systems* (such as the ODLC) to obtain patient records. Therefore, it would be particularly inappropriate to use the Oklahoma statute to frustrate the ends of this federal law.

Furthermore, the Congress established confidentiality safeguards in the PAMII to deal with concerns similar to those addressed by the Oklahoma statute. For example, the ODLC is required to maintain the confidentiality of the records to the same extent as is required by the provider of services. 42 U.S.C. § 10806(a). Also, the ODLC may not disclose the records to its client if the mental health professional responsible for supervising the provision of the client's mental health services has provided the system with a written determination that such disclosure would be detrimental to the individual's health. 42 U.S.C. § 10806(b)(1). Protection of the patient from potentially harmful information about his or her mental health is at the heart of the Oklahoma statute requiring a court order before patients can obtain their psychiatric records.

In light of the considerations discussed above, this Court concurs with the ODLC that SMI's refusal to provide copies to the ODLC of the records in question is in violation of federal law. The Court therefore grants the summary judgment motion of the Plaintiff and declares that 76 O.S. § 19 is unenforceable to the extent it interferes with the full implementation of PAMII.

■ In addition to the declaratory relief expressing that SMI is in violation of federal law, Plaintiff requests this Court to direct SMI to produce records and prohibit SMI from interfering with ODLC's access to records. SMI challenges the breadth of the requested injunction, arguing that it encompasses *future* conduct unrelated to the present action. This Court grants injunctive relief in that SMI is directed to turn over all treatment records specifically involving Michael C. and Mandy S. while patients at SMI. Since an injunction is regarded as an extraordinary remedy, this Court refrains from issuing a blanket injunction that would pertain also to all future request for records by the ODLC.

> In keeping with the general reluctance of federal courts to exercise their equitable discretion and award injunctions in the absence of a compelling need for that form of relief, plaintiff must demonstrate that there is a real danger that the act complained of will take place.

11 Wright & Miller, Federal Practice and Procedure: Civil § 2942. To justify the requested permanent injunction, Plaintiff needs to make a sufficient showing that future violations are likely to occur. *S.E.C. v. Pros International, Inc.,* 994 F.2d 767, 769 (10th Cir.1993). While Plaintiff has shown a consistent reluctance to turn over the records of Michael C. and Mandy S. for which no adequate remedy at law exists, no such showing has been made regarding future patients of SMI.

Furthermore, this Court's Order, declaring that SMI has a legal obligation to release the documents pertaining to Michael C. and Mandy S. and requiring all such records to be released, should be sufficient to end the instant controversy.

In light of the considerations discussed above, this Court grants injunctive relief in that SMI is directed to produce the records of Michael C. and Mandy S. and finds 76 O.S. § 19 unenforceable in this instance, because it impermissibly frustrates the federal law mandate of 42 U.S.C. § 10805. Therefore, to the extent consistent with the determinations

discussed in this Order, Defendant's Motion for Summary Judgment is denied and Plaintiff's motion for Summary Judgment is granted.

ORDERED.